# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

v.               Case No. 12-CR-144

LISA BARTZ VANDENELZEN,

   Defendant.

## ORDER DENYING MOTION FOR RELEASE PENDING APPEAL

  Defendant Lisa Bartz VandenElzen pled guilty to one count of failure to pay over payroll taxes in violation of 26 U.S.C. § 7202. Ms. VandenElzen operated Dairy Transport Services LLC with her husband. During the years 2006 through 2010, she failed to pay over a total of more than $270,000 due in payroll taxes. The unpaid taxes included more than $190,000 withheld from employee wages and an additional $80,000 of employer contributions. Given the amount of the loss and after adjusting the sentence severity score for acceptance of responsibility, the sentence range under the United States Sentencing Guidelines was 18 to 24 months. After considering the presentence report, and arguments and submissions of counsel, the court sentenced Ms. VandenElzen to a year and a day. Ms. VandenElzen now seeks a stay of her sentence pending appeal.

  Ms. VandenElzen does not present a risk of flight or pose a danger to the public. Thus, the sole question her motion presents is whether there are substantial grounds for the appeal. *See* 18 U.S.C. § 3143(b)(1)(B) (even if defendant not likely to flee and does not pose danger to public, stay pending appeal should be denied unless court finds that "that the appeal is not for the purpose of

delay and raises a substantial question of law or fact likely to result in . . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process"). "An appeal raises a substantial question if it presents a close question or one that very well could be decided the other way." *United States v. Eaken*, 995 F.2d 740, 741 (7th Cir. 1993) (internal quotations omitted).

Ms. VandenElzen identifies several issues in support of her motion for release. Each concerns aspects of her sentencing. She first contends that the court erred in stating that a year and a day sentence, with good time, would amount to only nine months in jail. In fact, Ms. VandenElzen notes the good time would only reduce her sentence to ten-and-a-half months. Ms. VandenElzen contends that the court's comments indicate that the court thought that nine months was sufficient but not greater than necessary to accomplish the intended purposes of the sentence. She therefore contends that the court committed error in imposing a sentence of a year and a day instead of nine months.

In commenting on the potential for a good time reduction of her sentence, the court did not intend to tell Ms. VandenElzen the precise amount of time she would serve. There is no way the court could know, since absent her good behavior, good time could be denied. The court's comment, which was actually that the time she would serve with good time would be "closer" to nine months, was only intended to explain why it was imposing a sentence of a year and a day – so as to make her eligible to earn good time and thereby reduce her sentence. The parsimony principle obviously does not require the court to accurately calculate good time and reduce the stated sentence by that amount since any remaining sentence, if in excess of a year, would also be subject to

2

reduction for good time. Requiring such an exercise would be absurd. Accordingly, the court rejects the first ground to appeal as failing to raise a substantial question of law.

Ms.VandenElzen next argues that the court erred in characterizing her offense as "an abuse of a position of trust." The court noted that this was one of the aggravating factors of her offense it considered. Ms. VandenElzen argues that such a characterization of her offense was erroneous because her offense did not merit an enhancement under § 3B1.3 of the Sentencing Guidelines since she did not occupy a position of trust with respect to the IRS. The court's characterization of her offense as abuse of a position of trust, Ms. VandenElzen argues, was erroneous and requires reversal.

In characterizing Ms. VandenElzen's conduct as an abuse of a position of trust, the court was not using the phrase in the technical sense in which it is used under the Guidelines. In fact, the court did not enhance the offense severity score under § 3B1.3. Instead, the court was using the term in its more general sense. Specifically, the court noted that Ms. VandenElzen had withheld from the employees wages the amounts needed to pay their income taxes. Rather than pay over the employees' share, as well as the employers share, she simply did not pay the taxes at all. The court noted that the tax system is a voluntary system that relies upon the honesty of employers and employees in paying the taxes lawfully due. The employer is entrusted with the duty to pay over the employees share of the payroll taxes. Indeed, at least one court has found that failing to pay withholding taxes does constitute an abuse of a position of trust. *See United States v. Cordell,* 237 Fed. Appx. 998, 1000 (5th Cir. 2007)(affirming district court's finding that defendant was in a position of trust with respect to the employees for whose benefit he was required to pay withholding taxes, thus warranting sentencing enhancement for failing to pay employee withholding taxes and

3

filing false individual income tax returns). Accordingly, the court's comment was not erroneous and does not constitute a substantial ground for appeal.

Ms. VandenElzen next argues that the court failed to address the potential mental health issues concerning her children and the impact her incarceration would have on them. In fact, the court did discuss the impact of her incarceration on her children but concluded that it did not justify a sentence of straight probation or home confinement in view of the seriousness of the offense. Ms. VandenElzen had filed records from a psychologist pertaining to her and her son prior to the sentencing. The records were filed under seal and even now, Ms. VandenElzen is unclear as to what facts set forth in the records warranted a sentence even further below the guidelines. She suggests that her husband poses a "high risk" of neglect or abuse of their son, but the records do not support such a contention. The primary complaint of the child according to the records was that his parents were fighting. Both seem concerned for his well-being in that both accompanied him to the therapist. The court finds no substantial ground for appeal on this issue.

Finally, Ms. VandenElzen contends that the court's summary rejection of her request for home confinement instead of prison constitutes a basis for reversal. But the request was made after the court had pronounced sentence and as it was leaving the bench. The court had just explained why it concluded a sentence of imprisonment was called for emphasizing both the seriousness of an offense that was deserving of punishment and the need for deterrence. Home confinement would accomplish neither to the degree warranted given the nature and seriousness of the offense. In the court's view, this was clear from what it had already said.

In sum, the court finds that the motion does not present substantial grounds for appeal. The motion for a stay is therefore denied. Ms. VandenElzen's motion to extend her reporting date to

February 9, 2013, however, is granted. She has indicated a need for additional time to complete transfer of supervisory responsibilities, paperwork and oversee tax preparation. She also indicates that the facility informed her that a one-week delay will not interfere with the process and her assignment will stand. Accordingly, her reporting date is extended to February 9, 2013, or such other date as the Bureau of Prisons sets.

      **SO ORDERED** this   29th   day of January, 2013.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court